UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-23988-CIV-O'SULLIVAN
[CONSENT]

MILLER BLANCO et al.,

      Plaintiff,

v.

BISCAYNE WINE GROUP, LLC, <u>et al.</u>,

      Defendants.

_____/

## <u>ORDER</u>

THIS MATTER is before the Court on the Plaintiffs' Motion for Entry of Costs of Litigation Pursuant to 28 U.S.C. § 1920 (DE# 169, 02/18/2013) (hereinafter "Plaintiff's Motion for Costs"), the Plaintiffs' Verified Motion for Award of Attorneys' Fees of Litigation (DE# 170, 02/18/2013) (hereinafter "Motion for Fees"), and the Defendant's Motion to Tax Costs Pursuant to 28 U.S.C. § 1920 (DE# 176, 03/13/2013) (hereinafter "Defendant's Motion for Costs"). The parties jointly consented to Magistrate Judge jurisdiction on all matters pursuant to 28 U.S.C. §636(c), (DE# 66, 1/30/2012). This matter was referred to Judge Bandstra for trial on January 31, 2012, pursuant to 28 U.S.C. §636(c), by the Honorable Judge Hoeveler of the United States District Court for the Southern District of Florida.  On January 16, 2013, this case was reassigned to the undersigned. (DE # 164, 1/17/13).

On March 7, 2013, the defendants filed a Response and Memorandum of Law in Opposition to Plaintiffs' Motion for Entry of Costs of Litigation (DE# 174) and a Response and Memorandum of Law in Opposition to Plaintiffs' Verified Motion for

Award of Attorneys' Fees of Litigation (DE# 175). On March 18, 2013, the plaintiffs filed a Reply to the Motion for Entry of Costs of Litigation (DE# 177) and a Reply to the Plaintiffs' Verified Motion for Award of Attorney Fees of Litigation (DE# 178). Additionally, on March 29, 2013, the plaintiffs filed a Response to the Defendant's Motion to Tax Costs (DE# 186), to which the defendants did not file a reply. Having carefully considered the filings and law, the undersigned issues the following Order **GRANTING in part and DENYING in part** the Plaintiffs' Motion for Entry of Costs of Litigation Pursuant to 28 U.S.C. § 1920 (DE# 169, 02/18/2013), **GRANTING in part and DENYING in part** the Plaintiffs' Verified Motion for Award of Attorneys' Fees of Litigation (DE# 170, 02/18/2013), and **GRANTING in part and DENYING in part** the Defendant's Motion to Tax Costs Pursuant to 28 U.S.C. § 1920 (DE# 176, 03/13/2013).

## BACKGROUND

The plaintiffs filed this lawsuit alleging unpaid overtime and minimum wage violations. On August 13, 2012, a jury verdict was entered in favor of the plaintiffs, MEDRANO, PRESTES, and CRUZ.  A jury verdict was also entered in favor of and for CHALLIO and RODRIGUEZ, but only as to Count II for unpaid minimum wage (DE# 197, 05/03/13). The plaintiff BLANCO did not prevail on his claim alleging unpaid overtime, and the plaintiffs CHALLIO and RODRIGUEZ did not prevail on Count I, which also alleged unpaid overtime (*Id.*). On August 6, 2013, the Court entered an Order requiring the parties to attend mediation and attempt to resolve the disputes regarding fees and costs (DE# 206). On September 4, 2013,  the parties attended the mediation, but, as indicated in the Mediation Report, they were unable to resolve the

2

issues as to fees and costs. (DE# 211, 9/4/13).

## ANALYSIS

### I. Plaintiffs' Costs

The plaintiffs seek costs pursuant to  28 U.S.C. § 1920, 29 U.S.C. § 216(b) of the Fair Labor Standards Act, and Local Rule 7.3.  28 U.S.C. § 1920 sets out the specific costs that may be recovered.  29 U.S.C. § 216(b) directs the Court to award costs to the prevailing party in an action brought under the Fair Labor Standards Act. Local Rule of Civil Procedure 7.3 defines the requirements for filing a motion for attorney's fees and costs. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorneys' fees shall be allowed to the prevailing party unless the court otherwise directs. FED.R.CIV.PRO. 54(d)(1). A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered.  *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002).  Accordingly, "[a]n enforceable judgment establishes a plaintiff as a prevailing party because the plaintiff has received at least some relief based upon the merits of a claim." *Id*. Here, the plaintiffs Medrano, Prestes, and Cruz clearly prevailed, attaining full success at trial. Plaintiffs Challio and Rodriguez prevailed only on their minimum wage claims. Based on the rule defined in *Choctawhatchee*, Medrano, Prestes, Cruz, Challiol, and Rodriguez are entitled to recover reasonable costs. The only costs that should be excluded are those costs that pertain solely to the plaintiff Blanco, who achieved no success at trial.

Specific costs, which may be awarded, are set forth in 28 U.S.C. § 1920, stating:

A judge or clerk of any of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under §1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under §1828 of this title.

28 U.S.C. §1920.  In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).  Here, the plaintiffs may only recover those costs they are entitled to recover under 28 U.S.C. §1920.  In the Plaintiffs' Motion for Entry of Costs of Litigation Pursuant to 28 U.S.C. § 1920 (DE# 169, 02/18/2013), the plaintiffs seek to recover a total of $9,058.54 in costs. The defendants object to the requested cost amount (See DE# 174, 03/07/13).

A. Fees of the Clerk and Marshal

Pursuant to 28 U.S.C. § 1920(1), the plaintiffs seek to recover (after the

4

withdrawals of the costs noted in their reply) (DE# 177 at Pg. 7, 03/18/13), $951.21 for costs associated with the clerk and marshal. This includes the filing fee of $350.00, the Service of Process of the Complaint on the various defendants, which totals $280.00, the Service of Subpoenas to the various witnesses, which totals $291.21, and costs associated with the service on the Records Custodian for Paychex, in the amount of $30.00 (DE# 169 at Pgs. 3-5, 02/18/13).

The defendants concede that the above-requested costs are generally taxable (DE# 174 at pg. 9, 03/07/13). The defendants argue that the amount requested is excessive because three (3) of the plaintiffs did not prevail on all of their claims (*Id*). The defendants suggest that the plaintiffs failed to use, or were not able to use, evidence from a number of the witnesses in support of the plaintiffs successful claims. (*Id.* at Pg. 9-10). Further, the defendants assert that the plaintiffs could have reduced the costs they incurred by serving the subpoenas on defense counsel. *Id*.

"Private process server fees may be taxed."[1]   *W&O*, 213 F. 3d at 623. The fact that some of the plaintiffs were only partially successful on their claims is not a reason to reduce the requested costs associated with the witnesses who were served by subpoena.  Those witnesses were intended to play a role in the case for all of the plaintiffs, whether or not they were successful.  Additionally, sending the service of process notices to defense counsel rather than to the defendants, is permissive and not mandatory. *Powell v. Carey Int'l, Inc. et al.*, 548 F. Supp. 2d 1351, 1358 (S.D. Fla. 2008).  Simply because the plaintiffs did not send a waiver of service under

---

[1]  The United States Marshals Service no longer serves subpoenas for private litigants in civil suits in the Southern District of Florida.

Fed.R.Civ.P. 4(d) is not grounds to exclude those costs. The requested costs in this category are reasonable and the undersigned finds that the plaintiff is entitled to receive **$951.21** for these costs.

### B. Court Reporter and Transcript Fees

The plaintiffs request reimbursement in the amount of $4,913.96[2] in costs associated with court reporters and transcript fees. These costs are comprised of the court reporter appearance fees for the depositions and transcripts of; Sheru Chandiramani; Tina Chandiramani; Waldina Lozano; Elliot Cortes Koch; Ely Victoria Conception Quintero; Luis Bianchi; Juan Carlos Valle; and the fee for the transcript of the Pretrial Conference Hearing held on August 8, 2012. These costs are permitted under 28 U.S.C. §1920(2) if the printed or electronically recorded transcripts were *necessarily* obtained for use in the case. *Nat'l Bancard Corp., etc. v.Visa U.S.A., Inc.*, 112 F.R.D. 62 (S.D.Fla. 1986). The defendants assert that the costs of court reporters and transcripts are grossly inflated because much of the evidence associated with these transcripts and depositions was not introduced at trial and much of the evidence from the transcripts and depositions was used in support of the plaintiffs' unsuccessful claims (DE# 174, 03/07/13).

Deposition costs may be taxed even when minimally related to the party's ultimate success. *Davis v. Sailormen, Inc.*, 2007 WL 1752465 (M.D. Fla. June 15, 2007)

---

[2] The Bill of Costs requests $4,913.96 for costs associated with printed or electronically recorded transcripts necessarily obtained for use in the case.  The plaintiffs request $4,962.21 for transcript and court reporter costs in the body of the motion.  The $4,962.21in the body of the motion includes the $48.25 in witness fees for Juan Carlos Valle requested in the plaintiffs Bill of Costs under fees for witnesses.

(regarding the level of relation testimony must have to success in order to be taxable). "[A] deposition taken within the proper bounds of discovery...will normally be deemed to be necessarily obtained by for use in the case' and its costs will be taxed....". *James v. Wash. Depot Holdings, Inc.*, 242 F.R.D. 645. 650 (S.D.Fla. 2007) (quoting *George R. Hall, Inc. V. Superior Trucking Co.*, 532 F.Supp. 985, 994 (N.D.Ga.1982)). The amount requested for these costs is reasonable and the plaintiffs sufficiently demonstrate that the transcripts were necessarily obtained for use in the case and were all tied in some fashion to the successful claims.  (DE# 177, 03/18/13). The undersigned finds that the aforementioned deposition costs were necessarily obtained for use in the case and the plaintiff is entitled to recover **$4,913.96** for these costs.

C. Witness Fees

Pursuant to 28 U.S.C. §1920(3), the plaintiffs request $48.25 in costs for the witness fees of Juan Carlos Valle (DE# 169, 02/18/13).  28 U.S.C. §1920(3) allows for the recovery of fees and disbursements for printing and witnesses.  The defendants object to this cost.  The defendants claim that it would be "inequitable" to allow the plaintiffs to recover this cost, because the witness was not used to support successful claims at trial. (DE# 174). The plaintiffs do not address this argument in their reply and, therefore, the witness fees for Juan Carlos Valle are not allowed and the plaintiff is not awarded anything for these costs.

D. Photocopy Costs

The plaintiffs seek to recover $1,405.12 for photocopy costs (DE# 169, 2/18/14). Photocopy costs are permitted under 28 U.S.C. § 1920(4) if they are necessary for use

in the case. *W&O*, 213 F.3d at 620. Here, the photocopy costs include 3,618 pages at $0.19 per page, which equals $687.42; 6,210 pages at $0.10 per page, which equals $621.00; and binder and index costs, in the amount of $96.70 (*Id*). The plaintiffs indicate that the costs were "necessary for the case", and only charge for photocopies made for exhibits used at trial. The defendants do not contest plaintiffs on this point. The defendants object to the amount of the photocopy costs requested by the plaintiffs because the defendants claim a large amount of these costs are associated with the unsuccessful and partially successful plaintiffs, Blanco, Rodriguez, and Challiol (DE# 174, 03/07/13). The defendants also claim that the plaintiffs could have reduced their photocopy costs if the plaintiffs had outsourced all of the copies to a print service company, at a rate of $ 0.10 per copy. The defendants argue that the requested copy costs should be reduced by $422.00 for the difference between $0.19 copies and $0.10 copies. *Id*.

With respect to whether $ 0.19 per copy should be awarded, this Court recently examined a $0.19 per copy request and determined that $0.19 per copy is too high, "not[ing] that, 'district courts in other parts of the country have found [ ] that the photocopying rate should approximate that of local print shops, unless the requesting party is able to provide factual support for the reasonableness of a higher in-house rate." *James*, 242 F.R.D. at 652. Here, the plaintiffs used an outside print shop for some copies and that print shop charged $ 0.10 per copy. The plaintiffs' only "reasonable factual support" for the requested $ 0.19 per copy is that the defendants also used that price in their Motion to Tax Costs (DE# 177, 03/18/13). The undersigned finds that

$0.10 per copy is reasonable, and that the plaintiffs' requested costs should be reduced by $422.00.

The plaintiffs also request reimbursement for costs associated with binders and tabs. The costs associated with binders and tabs are not permitted under 28 U.S.C. § 1920(4), and should not be awarded to the plaintiffs. See Luken v. Int'l Yacht Council Ltd., 2009 WL 678005, at *7 (S.D. Fla. March 11, 2009). The requested amount for photocopies should be reduced by $96.70 for the binders and tabs.

Regarding an award of costs incurred in pursuit of unsuccessful claims, the undersigned already determined that the plaintiffs Rodriguez and Challio are prevailing parties. The costs of prevailing parties are taxable. *Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d at 1248. The costs of copies associated with Rodriguez and Challio are taxable. Copy costs associated with the plaintiff Blanco are not taxable because he did not prevail. The plaintiffs do not submit an itemization that indicates which photocopies are attributed to the five prevailing plaintiffs, and which are attributed to Blanco. Blanco is one of six plaintiffs, and the undersigned finds a photocopy cost reduction of 16.67% is appropriate.[3]

The undersigned awards the costs requested by the prevailing plaintiffs, associated with the photocopies, as outlined above. In summary, the $1,405.12 request should be reduced by $422.00 for the $0.19 copies that should have been $0.10 per copy. This equals $983.12. The photocopy request should also be reduced by $96.70 for binders and tabs. $983.12 - $96.70 = $866.42. The $866.42 should be

---

[3] 1/6 = 16.67 %. Blanco is one out of six plaintiffs. There is no specific list of costs directly related to Blanco. Accordingly, the undersigned finds that a 1/6 reduction is appropriate.

reduced by 16.67% (because Blanco did not prevail) to $738.39.  The appropriate and reasonable photocopy cost award to the plaintiffs is **$738.39**.

  E. Interpreter Costs

  The plaintiffs request  $1,645.00 for the use of interpreters. (DE# 169, 02/18/13). Costs associated with interpreters may be recovered under 28 U.S.C. §1920(6). *Martinez-Pinillos v. Air Flow Filters, Inc.*, 2010 WL 6121708 (S.D.Fla. 2010). The charges include $345.00 for a translator for the deposition of Waldina Lozano, and translators for the trial dates of August 14, 2012, and August 15, 2012, totaling $1,300.00.

  The defendants object to an award of interpreter costs (DE# 174, 03/07/13). The defendants argue that the plaintiffs were the only ones who needed an interpreter and the plaintiffs did not succeed on all of their claims (*Id*). Therefore, the defendants argue that the defendants should not have to bear the full burden of these costs (*Id*). As discussed earlier in this order, five of the six plaintiffs are the prevailing parties in this matter which entitles them to costs. The one plaintiff who did not prevail, Blanco, speaks English so there was no interpreter needed for him and the plaintiffs did not incur interpreter costs related to Blanco (DE# 177, 03/18/13). The undersigned finds that the interpreters played an important role in this matter because they allowed the jury to understand the witnesses.  The undersigned finds that the costs associated with the interpreters in this matter are reasonable and should be recovered by the plaintiffs in the amount of **$1,645.00**.

  In accordance with the foregoing, the undersigned awards a total of **<u>$8,248.56</u>** to

the prevailing plaintiffs in this matter.

## II. Defendant's Costs

The defendants also seek costs pursuant to 28 U.S.C. § 1920 and Rule 54(d) of the Federal Rules of Civil Procedure.  The Eleventh Circuit defines a "prevailing party as, "a party in whose favor judgment is rendered". *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002).  Relief from a meritorious claim establishes an enforceable judgment to award that party costs. *Id*, at 1248. Here, the defendants prevailed only on the claims brought by Blanco. The defendants partially succeeded regarding the plaintiffs Challiol and Rodriguez, but the undersigned has already determined Challiol and Rodriguez to be the prevailing parties with respect to their claims.  In the context of an award of costs, the defendants only prevailed as to Blanco and are only entitled to recover costs related to Blanco.

In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).  In this matter, the defendants are only entitled to recover those costs they would be entitled to under 28 U.S.C. §1920.  The defendants seek to recover $8,015.53 in costs (DE# 176, 03/13/13). The plaintiffs object to the costs requested by the defendants (DE# 186, 03/29/13).

### A. Court Reporter and Transcript Fees

Pursuant to 28 U.S.C. §1920(2), in the body of the defendants' Motion to Tax

11

Costs (DE # 176, 3/13/13), the defendants request reimbursement for costs associated with the court reporter fees and transcript fees in the amount of $5,445.68 (DE# 176 at p. 7, 03/13/13).  In order to recover the costs of printed or electronically recorded transcripts, those transcripts must be *necessarily* obtained for use in the case.  28 U.S.C. §1920(2).  The defendants request reimbursement for these costs in the amount of $4,750.18.[4]  *Id.* The plaintiffs contend that the costs listed by the defendants are inflated, inaccurate, and were used to support unsuccessful claims (DE# 186, 03/29/13).

The undersigned agrees with the plaintiffs that the costs requested by the defendants are subject to reduction. The defendants are only entitled to recover costs associated with Blanco. *W&O, Inc.*, 213 F.3d 600.  The defendants request reimbursement for two depositions of Blanco, but only submit evidence of a charge for one deposition transcript in the amount of $731.50.  The defendants may only recover costs for one transcript for Blanco in the amount of $731.50.  The undersigned awards the defendants **$731.50** for these costs.

---

[4] The amounts requested in the invoices are: Blanco $731.50; Miguel Medrano $380.00; Karen Prestes $421.00; Angello Cruz $617.00; Gonzalo Challiol $556.75; Luis Rodriguez $566.75; Waldina Lozano $192.05; Ely Biandi $409.50; and Juan Carlos Valle $568.40.  The aforementioned transcripts total $4,750.18.  The body of the motion requests reimbursement for $5,445.68, a difference of $695.50.  Because the amounts listed in the invoices are a more accurate reflection of the transcript costs incurred, the undersigned will use $4,750.18 as the amount requested as associated with these costs.

B. Photocopy Costs

The defendants seek to recover $819.85 for photocopy costs (DE# 176, 03/13/13). Photocopy costs are taxable under 28 U.S.C. §1920(4), if they are necessary for use in the case. *W&O, Inc.*, 213 F.3d at 620. The requested photocopy costs include 4,315 pages at $0.19 per page, totaling $819.85 (*Id*). The defendants claim that these copies were made for exhibits that were intended for use in relation to the claims on which the defendants were successful (*Id*). The plaintiffs assert that many of the photocopies for which the defendants request reimbursement related to claims on which the defendants did not prevail (DE# 186, 03/29/13). The plaintiffs also argue that the defendants failed to itemize the copy costs that were directly related to Blanco. (*Id*). Moreover, the plaintiffs assert that the requested price per page of $ 0.19 is too high and a reduction is warranted.

The Court determined above that $ 0.19 per photocopy page is too high. Unless the requesting party is able to provide factual support for the reasonableness of charging an in-house rate higher than the rate per page charged by a photocopy shop, the party may not charge the higher rate. *James*, 242 F.R.D. at 652. Above, the undersigned awarded the plaintiffs the rate of $ 0.10 per photocopy (the amount charged by the photocopy shop). The defendants fail to assert any reasonable factual support entitling them to $ 0.19 per copy. The defendants' recovery for photocopies should be reduced to the print shop rate of $ 0.10 per copy. 4,315 copies at a rate of $0.10 per copy equals a charge of $431.50.  The most the defendants would be able to recover for photocopy costs is $431.50.

13

The taxing party has the burden of showing that he or she prevailed,  that the copies were necessary for use in the case, and that there is a list presented to evidence that shows the copies' intended use. *W&O, Inc.*, 213 F.3d at 620; *Monelus v. Tocodrian, Inc.*, 609 F.Supp.2d 1328, 1335 (S.D.Fla. 2009).  It is not required that the defendants used the photocopies at trial in order to recover the associated costs.  The defendants only need to demonstrate their necessity and their use in the interest of prevailing parties. *Id.* Only the prevailing party, "knows the purpose of the copies, and cannot simply make unsubstantiated claims that copies of documents were necessary." *Id.*  For purposes of a cost award, the defendants only prevailed as to Blanco and only photocopies related to Blanco are taxable in favor of the defendants. Because the defendants failed to specify which copy costs are attributable to Blanco, the undersigned finds that the defendants are only entitled to recover 1/6 or 16.67% of the copy costs.  16.67% of $431.50 = $71.93.  The undersigned finds an award to the defendants of **$71.93** for the costs associated with the photocopies is appropriate.

C. Interpreter Fee for Trial

Interpreter fees are recoverable under 28 U.S.C. §1920(6). The defendants request reimbursement in the amount of $1,165.00 for the use of an interpreters. The charges include $367.50 for a translator for the depositions of Cruz/Prestes, $262.50 for a translator for the depositions of Rodriguez/Challiol, $210.00 for a translator for the trial date of August 14, 2012, and $325.00 for a translator for the trial date of August 15, 2012.  *(Id*). The defendants indicate that the translators were required because the plaintiffs did not speak English. The defendants do all speak English and so they claim

14

that the costs of the translator are not attributable to them *(Id).*

For the purposes of costs recovery, the defendants are only entitled to recover costs associated with Blanco.  The reimbursement for deposition translator costs do not relate to Blanco.  Blanco speaks English and did not require an interpreter at trial.  The defendants are not entitled to recover any costs requested that are associated with interpreters.  The undersigned, accordingly, awards the defendants no costs associated with the interpreters.

### D. Fees of the Clerk and Marshal

Pursuant to 28 U.S.C. § 1920(1), the defendants seek to recover $585.00 for costs relating to the clerk and marshal.  This $585.00 cost request includes costs that do no relate to service of process on Blanco.  Private process server fees may be taxed pursuant to 28 U.S.C. 1920(1). *W&O, Inc.*, 213 F.3d at 623. The plaintiffs argue that the defendants' requested costs associated with the clerk and the marshal exceed the statutory limit (DE #186, 03/29/13).  The plaintiffs also argue that the information that the defendants were able to attain as a result of the service was not properly used in the prosecution of Blanco's case (*Id*). The plaintiffs further assert that the service fees for Challiol and Rodriguez and for the Yahoo! account, belonging to Cruz, related to claims on which the plaintiffs prevailed and the defendants should not recover those costs. (*Id*).

The statutory fee authorized by 28 U.S.C. §1921 is the rate charged by the marshal. *W&O, Inc.*, 213 F.3d at 623. Costs associated with private process servers may not exceed the statutory amount permitted for service by the marshal. Id. The rate

charged by the marshal for service and process is, "$45.00 per person per hour for each item served." 28 C.F.R. 0.114(a)(3).  The defendants are only entitled to recover service of process fees that relate to Blanco.  The requested service of process charges that relate to Blanco include: Service of Process on the Department of Economic Opportunity in the amount of $75.00; Service of Process on Metro PCS in the amount of $45.00; and Service of Process on Shell Gas Station in the amount of $45.00.  A reduction of $30.00 for the Service of Process on the Department of Economic Opportunity in the amount of $75.00 is appropriate to bring the cost to the permitted statutory fee of $45.00.  The defendants are entitled to recover $45.00 for each of the three (3) service of process fees that relate to Blanco, for a total amount of **$135.00**.

In accordance with the foregoing, the undersigned finds that the defendants are entitled to a total cost award of **$938.43**.

### III. Attorney's Fees

A. Entitlement to Attorney's Fees

The Fair Labor Standards Act provides for the recovery of attorney's fees for a prevailing plaintiff. *See* 29 U.S.C. §216(b). The jury returned a full verdict in favor of the plaintiffs Medrano, Prestes and Cruz (DE# 197, 05/03/13). The jury returned a partial verdict in favor of the plaintiffs Challiol and Rodriguez (*Id*).  The jury returned a verdict against the plaintiff Blanco (*Id*). The defendants assert that they should not be responsible for any of the attorney's fees associated with claims on which the plaintiffs did not prevail, including fees for work done that related to the overtime claims of

Challiol and Rodriguez (DE# 175, 03/07/13). While the defendants are not responsible for the fees relating to Blanco, the Supreme Court of the United States has held that if two related claims hold a "common core of facts", as minimum wage and overtime claims do, because both are based upon evidence of hours worked, rates paid, etc., the attorney's fees should be awarded even if the prevailing party is only successful on one of the claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434-35 (1983). The plaintiffs are entitled to an award of attorney's fees for the work performed for *five of the six* plaintiffs.

B. Amount of Fee Award

Having determined that the plaintiffs Medrano, Prestes, Cruz, Challiol, and Rodriguez are entitled to an award of attorney's fees incurred in connection with this lawsuit, the undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  *See Henesley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983); *Loranger v. Stierheim,* 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee.  *See Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984).

1. <u>Reasonable Hourly Rate</u>

The Court must first evaluate the plaintiff's requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community."  *Blum*, 465 U.S. at 896.  In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (*citing Dillard v. City of Elba*, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work.  *Norman,* 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony are inadequate or the fees claimed seem expanded.  *Id.* at 1303 (*citing Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.,* 526 F.2d 865, 868 (5th Cir. 1976)). The plaintiffs request an hourly rate of

$375.00 for Edilberto O. Marban, $250.00 for Isaac Mamane, and $100.00 for the paralegal, Ms. Aranda (DE# 170, 02/18/13).

The defendants, in their response to the plaintiffs' Motion for Fees, stipulate that the hourly rates of counsels, Mr. Marban and Mr. Mamane, at $375.00 and $250.00 per hour respectively, are reasonable, considering their skill, education, experience, and reputation in the legal community for South Florida (DE# 175, 03/07/13).  In a Report and Recommendation entered by Judge Torres in the Southern District of Florida on January 10, 2013, Judge Torres found a rate of $100.00 per hour to be reasonable for a paralegal (DE# 132, in 11cv23916). The Report and Recommendation was adopted by Judge Moore on February 8, 2013 (DE# 135, in 11cv39116). The undersigned finds that a rate of $100.00 per hour for paralegal services is a reasonable rate and the plaintiffs should recover $100.00 for paralegal services.  The undersigned further finds that the agreed upon rates of $375.00 per hour for Mr. Marban and $250.00 per hour for Mr. Mamane are reasonable and should be awarded to the plaintiffs.

    2. Hours Reasonably Expended

The Court must next evaluate the plaintiffs' requested fee for reasonableness in terms of the total hours expended by plaintiffs' counsel.  In the motion, the plaintiffs request reimbursement for 419.40 hours for the work done in this matter, including the time expended at trial, for a total requested fee award of $130,143.25 (DE# 170, 02/18/13).  In the reply, the plaintiffs request an additional $1,218.75 for 3.25 hours at a rate of $375.00 per hour for the drafting of the reply.  $130,143.25 + $1,218.75 = $131,362.00.  The plaintiffs support their motion by submitting an itemized time sheet. (DE# 170-1, 02/18/2013).  The undersigned finds that some time entries are

19

unnecessary and erroneous.  The Court will make appropriate reductions to the plaintiffs' requested amount.

The defendants object to the plaintiffs' requested fee award as excessive and unnecessary. Many of the defendants' objections to the listed number of hours, focus on the attorneys fees that relate to the claims on which the plaintiffs did not prevail. With respect  to Challiol and Rodriguez, who were partially successful at trial (DE# 175, 03/07/13), the Supreme Court defines a "prevailing party" as one that succeeds on any significant issue of litigation. *See Hensley*, 461 U.S. at 433.  Because Challiol and Rodriguez were successful on their minimum wage claims, they are the prevailing parties and the plaintiffs may recover attorneys' fees for hours that the attorneys and paralegals spent working on their case. In their reply to Motion for Fees, the plaintiffs assert that because the work done in pursuing Blanco's claims was intertwined with the claims of the five prevailing parties, the hours are recoverable (DE# 178, 03/18/13).

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended.  *See Norman*, 836 F.2d at 1301-02. Hours deemed to be "excessive, redundant, or otherwise unnecessary" should be excluded. *Id*.  "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982).  It is necessary for attorneys to identify the subject matter of his/her time expenditures.  *Hensley,* 461 U.S. at 437.  If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the

number of hours for which fees will be awarded. *Florida Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985); *see also Loper v. New York City Police Dep't,* 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested"). "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001).  Furthermore, the "[p]laintiff's success, or lack thereof, is an important consideration and can result in a conclusion that the lodestar amount must be reduced."*Id.* at 808.

In the instant case the plaintiff Blanco was unsuccessful and only the other five plaintiffs are considered  "prevailing parties" by 29 U.S.C. § 216(b). The plaintiffs should not receive any fees listed for Blanco. The undersigned finds that 16.68 attorney hours, ($4,888.75), were spent solely on Blanco's claims and recovery for those hours are precluded.  The undersigned finds a reduction of $4,888.75 is appropriate. $131,362.00 - $4,888.75 = $126,473.25.

After careful review the undersigned finds that certain time entries for the prevailing plaintiffs are excessive. Throughout the time record, there are multiple instances of the plaintiffs drafting and sending letters regarding the same subject to all six plaintiffs and billing separately for each letter. For example, on May 19, 2011,  the plaintiffs were billed, each separately, for counsel sending a letter to all six plaintiffs notifying them of the date of a mediation. This was done again on July 14, 2011, when a letter was sent to all plaintiffs notifying the plaintiffs that the previous mediation date

was postponed.  Entries such as these occurred eight times throughout the record, totaling $1,275.00.  The undersigned also finds that 24.45 hours, spent reviewing the responses to various discovery requests ($6,112.50) and 17.6 hours on preparation and writing, as well as replying to the defendant's response to the motion for summary judgment ($6,343.75) are excessive.

The undersigned also finds that there were unnecessary and erroneous time entries, and instances of block billing.  For example, the entries for the dates of trial included trial preparation, document review, and attendance at trial all in one item. All of these tasks should be billed separately to allow the court to see the amount of hours the attorney prepared for trial, the amount of hours that were spent at trial, and the specific tasks for which each attorney billed. The attorney's, together, billed a total of 85 hours ($24,500.00) for attending trial, with both attorneys performing the same tasks. On October 7, 2011, November 16, 2011, February 21, 2012, and February 22, 2012, there were eight hours billed relating to state court claims ($2,593.70). Courts have consistently authorized blanket reductions for entries such as "duplicated efforts, excessive meetings between attorneys, billing for administrative tasks...." *St. Fleur v. City of Fort Lauderdale*, 149 Fed.Appex. 849 (11th Cir. 2005). Here, the undersigned finds that a 30% reduction should be applied to the plaintiff's requested fee award for the excessive, unnecessary, erroneous, and block billing entries.

The remaining $126,473.25 in fees should be reduced by 30% or $37,941.98. $126,473.25 - $37,941.98 = $88,531.27.  The plaintiffs should be awarded $88,531.27 in attorneys fees.

In accordance with the foregoing, the undersigned finds that the plaintiffs are

entitled to a total fee award of **$88,531.27**.

In accordance with the forgoing order, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion for Entry of Costs of Litigation Pursuant to 28 U.S.C. § 1920 (DE# 169, 02/18/2013) is **GRANTED in part and DENIED in part**, the Plaintiffs' Verified Motion for Award of Attorneys' Fees of Litigation (DE# 170, 02/18/2013) is **GRANTED in part and DENIED in part**, and the Defendant's Motion to Tax Costs Pursuant to 28 U.S.C. § 1920 (DE# 176, 03/13/2013) is **GRANTED in part and DENIED in part**.  It is further

ORDERED AND ADJUDGED that the plaintiffs are awarded $8,248.56 in costs and $88,531.27 in fees for a total cost and fee award of $96,779.83.  It is further

ORDERED AND ADJUDGED that the defendant is awarded $938.43 in costs.

The Court will enter a judgment in favor the plaintiffs as to the attorney's fees and costs in the total amount of **$96,779.83**. The Court will enter a separate judgment in favor of the defendants in the amount of **$938.43** for costs.

DONE AND ORDERED, in Chambers, at Miami, Florida this 13th day of June, 2014.

_____
JOHN  J.  O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record